Robert R. RYANS, Plaintiff,

v.

Leonard Wayne BLEVINS, Defendant.

Civ. A. No. 1781.

United States District Court
D. Delaware.

Jan. 21, 1958.

This is a personal injury case, and Maryland law controls. It was tried before then Chief Judge Leahy without a jury on November 16, 1956. While finding negligence on the part of both parties, he concluded that the defendant had the last clear chance to avoid the accident and awarded judgment against him in the sum of $11,349. A motion for new trial [Fed.Rules Civ.Proc. Rule 59(a), 28 U.S.C.] was filed. The matter was assigned to me for hearing due to Judge Leahy's retirement.

Aubrey B. Lank (of Logan, Marvel, Boggs & Theisen), Wilmington, Del., for plaintiff.

John P. Sinclair (of Berl Potter & Anderson), Wilmington, Del., for defendant.

LAYTON, District Judge.

Under Fed.Rules Civ.Proc. Rule 59(a), 28 U.S.C., in a trial without jury, the Court may open the judgment, take additional testimony, amend or make new findings of fact and law and direct the entry of a new judgment. After a careful reading of the record, I am convinced that this judgment must be reopened, new findings made and a judgment entered in favor of the defendant. My findings of fact follow:

### Findings of Fact.

(1) Plaintiff, in a semi-drunken condition at night, without lights on his car, was attempting to change a rear tire while parked on the open highway nearly in the middle of the right-hand lane of traffic. This lane is 11 ft. wide and includes 7½ ft. of concrete and 3½ ft. of Macadam border.

(2) Defendant, proceeding in the same direction at a speed of about 50 M.P.H., rounded a curve the end of which was 152 ft. from plaintiff's parked vehicle, saw or was warned of the danger, slammed on his brakes and swerved to the left but was unable to avoid collision.

As a result, plaintiff was badly injured.

(3) Defendant skidded 52 ft.

(4) There was a "slight odor of alcohol" on defendant but he "showed no other signs of [intoxication]."

(5) Immediately after the accident, defendant ran to a nearby house, called a doctor and ambulance, and on his return to the scene told plaintiff's wife that the lights on their car were out.

(6) She turned them on.

(7) The Maryland State Trooper who arrived at the scene saw fit to place no charges against defendant. He testified that 52 ft. of skid marks under the circumstances did not necessarily indicate excessive speed on defendant's part.

(8) Defendant was not exceeding the speed limit of 50 M.P.H. His headlights could not be brought to bear on plaintiff's machine until his (defendant's) car had completely rounded the curve and entered the straightaway.

(9) He was traveling 74 ft. per second.

(10) At this rate, he had 2⅑₉ seconds in which to discover the danger and avoid it.

(11) I take judicial notice of the fact that it takes the average driver from ¾ to ⅘ of a second to press down upon his brakes after discovering a dangerous situation ahead.[1]

(12) This act alone would eat up approximately 55 ft.

(13) He skidded 52 ft.

(14) Defendant had to see plaintiff's parked machine almost simultaneously with entering the straightaway in order to have avoided the accident.

(15) Once defendant's machine went into a skid, its forward progress and direction could not be altered or changed.

I decline to make a finding as to whether defendant was or was not negligent. Judge Leahy obviously thought he was. I have difficulty in this respect. However, in view of my conclusions with respect to the question of last clear chance, the issue of defendant's negligence is relatively unimportant.

In order for the doctrine of last clear chance to become operative, there must have been (1) original negligence on the part of plaintiff, (2) negligence on the part of defendant, and (3) the defendant's negligence must have been of such a character that he " * * * should have had the ability and opportunity to avert the injury by the use of due care. The doctrine is clearly inapplicable where the peril and defendant's discovery of the peril or his duty to discover it arose so shortly before the accident as to afford him no opportunity * * * to avoid the injury. The doctrine contemplates a last 'clear' chance, not a last 'possible' chance, * * *." 65 C.J.S. Negligence § 137(e).

Applying this formula to the facts here, we have (1) negligence of the grossest kind on the part of plaintiff, (2) assumed negligence on the part of the defendant, arguendo, and (3) no proof that defendant's negligence was in the category above defined under sub-head (3). By that I mean this. Defendant had only 152 ft. of straightaway from the end of the curve within which his lights could outline plaintiff's parked car. He skidded 52 ft. There now remain but 100 ft. At the very least, it takes the average driver ¾ of a second to press down upon the brakes after discovering a dangerous situation ahead. Traveling at the rate of 50 M.P.H. would eat up approximately 55 ft., leaving but 45 ft., or less than ⅘ of a second, within which defendant could be said to have discovered and averted the peril. The fact is, it was during this very fraction of a second of possible inattention that he could be charged with any negligence at all under sub-title (2) above. But conceding, for the sake of argument, that his failure to discover

---

1. Charts furnished by Delaware Automobile Association and Maryland State Police indicate a lag of between ¾ and ⅘ of a second between discovery of danger ahead and the actual pressure upon the brakes. I have found no chart which places the lag at less than ¾ of a second, and consequently adopt that figure here for my calculations.

plaintiff's parked car within the first ⅘ of a second of entering the straightaway was negligence (which I doubt), was this fractional second of negligence sufficient to give him a last clear chance to avoid the accident?

The clear answer is found in the language of the Maryland Court of Appeals in Peregoy v. Western Maryland Ry. Co., 202 Md. 203, 95 A.2d 867, 870, where it is stated:

"For the defendant to be held liable despite the plaintiff's contributory negligence, the defendant must be shown to have had knowledge of the plaintiff's imminent danger and an opportunity in time to avoid injuring him. It is sometimes said the defendant's knowledge may be actual or constructive to invoke the last clear chance doctrine, * * * but by this it is not meant that the defendant's original negligence without more may serve again to charge him with last clear chance. Something new, or independent, must be shown, which gave the defendant a fresh opportunity to avert the consequences of his original negligence and the plaintiff's contributory negligence. Otherwise, the mere primary negligence plus contributory negligence would result in recovery, which is not the correct rule of law."

With deference, I think Judge Leahy erred in concluding that the only evidence upon which original negligence of the defendant could have been based also constituted "something new, or independent, * * * which gave the defendant a fresh opportunity to avert the consequences of his original negligence * * *." Under the facts, such a result was impossible.

 Finally, just because it was dark and defendant not able instantly to comprehend the exact position plaintiff was parked in does not mean that he was unjustified in slamming on his brakes rather than trying to swerve around the plaintiff's machine. It is elementary that a person placed in a position of sudden peril by the negligence of another is not held to the duty of doing that which by hindsight might have avoided the accident. Shriner v. Mullhausen, 210 Md. 104, 122 A.2d 570, 821.

There was no room here as a matter of law for the application of the doctrine of last clear chance.

Judgment for plaintiff vacated and judgment for defendant entered. Order in accordance with this opinion.